| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------- X<br>UNITED STATES OF AMERICA,<br><br>- against -<br><br>CHAR T. DAVIS<br><br>Defendant.<br>----------------------------------------------------------- X | **NOT FOR PUBLICATION**<br><br>**MEMORANDUM & ORDER**<br><br>1:88-CR-496-ERK-19 |

KORMAN, *J*.:

The defendant's motion pursuant to 18 U.S.C. § 3582(c)(2) is denied. Briefly, at the time the crime was committed the base level offense was thirty-six, which was predicated on the distribution of at least 500 grams of cocaine base. Under the amendments to Sentencing Guidelines, it would take a level of at least 2.8 kilos to trigger the same base level. *See* USSG § 2D1.1(a)(5), (c)(5) (2011), at p. 146. I deny the motion because the evidence at trial established that the defendant was responsible for distributing at least that amount of cocaine base and the conspiracy of which he was a member easily distributed in excess of that amount. Such distribution was clearly foreseeable to him. *See United States v. Johnson*, 633 F.3d 116, 118 (2d Cir. 2012) ("It is well settled that individual defendants are responsible for all reasonably foreseeable quantities of drugs distributed by a conspiracy of which they were members."). Indeed, one kilo of crack cocaine was seized from his co-conspirator and offered in evidence at trial.

In challenging the amount of cocaine base attributed to the defendant at sentencing, the defendant's lawyer observed that "the only evidence that we have that supports this amount

1

would be the testimony of Viola Nichols." Tr. 35:25-36:2, November 3, 1989. In response the following colloquy took place:

> **THE COURT**: A kilo that was found in Claudia Mason's apartment isn't – doesn't depend on the credibility of Viola Nichols.
>
> **MS. KELLMAN**: That's true.
>
> **THE COURT**: That was delivered there as part of the conspiracy that he was a part of, not to speak of how it corroborates the testimony [of Viola Nichols].
>
> **MS. KELLMAN**: That creates a problem for me Judge.
>
> **THE COURT**: All right.

*Id.* at 36:10-18.

While Viola Nichols was a cooperating witness with all the baggage that that entails, and then some, in this case her testimony was corroborated in this and other respects, and it established that the amount of cocaine base that was attributable to the defendant would not alter his base level offense even under the amended Guidelines. Indeed, I agreed with the government's observation at a post-trial hearing that "[t]here was ample evidence even independent of her testimony to convict the defendant many times over." *Id.* at 5:4-5. As I observed, "[c]ertainty is about what you would say in terms of what the government's case proved." *Id.* Nor, given the acts of violence in which the defendant engaged, would this be a case that would warrant a lesser sentence than that which I imposed. As I observed at sentencing, "[t]he facts are fairly aggravating" involving the brutal murder of one victim and the attempted murder of another victim because he "disrespected [the defendant's] aunt." Tr. 14:6, July 19, 1989. These acts reflected "a total absence of any regard for the value of human life." *Id.* at 16:3. Indeed, the sentence I imposed was driven as much by the need to incarcerate a

dangerous defendant as well as one who was intimately involved in the violent crack epidemic that plagued New York in those years.

**SO ORDERED.**

Brooklyn, New York
January 29, 2013

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge